1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  JOHNNY HOZE,                          )  Case No. 1:11-cv-01802  JLT (PC)
                                          )
12          Plaintiff,                    )  FINDINGS AND RECOMMENDATIONS TO
                                          )  DISMISS THE ACTION
13      vs.                               )
                                          )  (Doc. 1)
14  M. CATES, et al.,                     )
                                          )  ORDER DIRECTING THE COURT CLERK TO
15          Defendants.                   )  ASSIGN  A  DISTRICT  JUDGE  TO  THE
                                          )  MATTER
16  _____      )

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18  pursuant to 42 U.S.C. § 1983.  On October 28, 2011, Plaintiff filed his complaint seeking damages

19  against various individuals including the director of the CDCR, the warden and associate warden where

20  he is housed, two commissioners from the Parole Board and the Deputy District Attorney who opposes

21  his parole request.  For the reasons set forth, the Court will **DISMISS** the complaint **WITHOUT**

22  **LEAVE TO AMEND** because it is clear that it cannot be amended to state a claim.

23  **I.      SCREENING REQUIREMENT**

24          The Court is required to review a case in which a prisoner seeks redress from a governmental

25  entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

26  thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

27  monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court

28  determines the complaint fails to state a claim, leave to amend should be granted to the extent that the

1

1   deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th

2   Cir. 2000) (en banc).

3          The Civil Rights Act under which this action was filed provides a cause of action against any

4   "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

5   States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

6   immunities secured by the Constitution and laws [of the United States.]"  42 U.S.C. § 1983.  To prove

7   a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional

8   or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48

9   (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a

10  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in

11  another's affirmative acts, or omits to perform an act which he is legally required to do that causes the

12  deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993)

13  (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual

14  causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v.

15  Goode, 423 U.S. 362, 370-71 (1976).

16         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim

17  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .

18  . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

19  (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to

20  provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions,"

21  "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly,

22  550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state

23  a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d

24  868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient

25  to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  **II.     Allegations of the complaint**

27         In his complaint, Plaintiff alleges that the Parole Board erred when it denied his ninth request for

28  parole on October 11, 2007, by finding that he posed a threat to public safety if released from prison.

2

(Doc. 1 at 9).  Plaintiff asserts that the Board failed to properly consider and weigh the evidence, that it considered dated evidence and relied improperly on the facts of his crimes and his earlier criminal history and its own characterization of Plaintiff's "tumultuous relationship with others." Id. at 18-25.  Likewise, he asserts that the Deputy District Attorney opposing his parole request improperly inflamed the Parole Board by referring to him as a "predator." Id. at 25.

**III.     DISCUSSION**

   **A.     Plaintiff's claims are barred**

   To the extent that the complaint can be construed raising claims under 42 U.S.C. § 1983 for a violation of due process related to the denial of parole, Plaintiff's claims are barred. In Heck v. Humphrey, 512 U.S. 477, 486 (1994), the United States Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal  authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.   Thus, whether predicated on a claim that his parole denial or denials were improper because of procedural defects or improper on the merits, his claims are Heck-barred, because he is unable to show that his parole denial has been reversed or invalidated. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997)("[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole").

   **B.     The Court lacks jurisdiction to evaluate the denial of parole**

   The United States Supreme Court succinctly explained in Swarthout v. Cooke, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011), the scope of protection afforded by the Due Process Clause of the Fourteenth Amendment to an inmate in California in his parole eligibility determination.  The Court held that under California's statutory scheme, which creates a liberty interest in release on parole, federal due process requires "fair procedures." Id. at 862.  It does not, however, encompass a more substantive component,

1  namely California's requirement that denials of parole eligibility be supported by "some evidence" of

2  current dangerousness.  Id.

3          In the context of parole, the procedures required by the Due Process Clause are "minimal."  Id.

4  A prisoner in California receives "adequate process when he is allowed an opportunity to be heard and

5  was provided a statement of the reasons why parole was denied."  Id. (citing Greenholtz v. Inmates of

6  Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).  See Roberts v. Hartley, __ F.3d __,

7  2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (federal due process satisfied when the Parole Board

8  permitted the inmate to speak on his own behalf, permitted the inmate to contest the evidence against

9  him, and provided the inmate an explanation of its decision).  "The Constitution . . . does not require

10  more."  Swarthout, 131 S. Ct. at 862.

11          Applying Swarthout to the allegations in this case, the Court finds that Plaintiff fails to state a

12  cognizable due process claim.  Plaintiff appeared at the hearing with counsel and participated in the

13  hearing by asking and answering questions and making comments. (Doc. 1 at 17-19)  To the extent that

14  Plaintiff alleges that his parole eligibility hearing was deficient for other reasons, such reasons do not

15  give rise to a cognizable federal due process claim.  Most notably, the Due Process Clause does not

16  permit this Court to evaluate the merits of the Board's decision to deny Plaintiff parole.  See Swarthout,

17  131 S. Ct. at 862; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, __ F.3d __, 2011 WL

18  1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

19  context of parole eligibility decisions the due process right is *procedural*[.]") (emphasis in original).

20          **C.      The Parole Board Commissioners and the Deputy District Attorney are entitled to**

21                  **absolute immunity**

22          Despite Plaintiff's claims of liability as to Defendants Eng and McBean, Parole Board officers

23  in quasi-judicial proceedings are entitled to absolute immunity for any conduct related to the

24  adjudication of a claim such as Plaintiff's. See Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004)

25  (parole board officials are entitled to absolute quasi-judicial immunity for decisions to grant, deny or

26  revoke parole because these tasks are functionally comparable to tasks performed by judges); Stafford

27  v. Powers, 2010 U.S. Dist. LEXIS 35477, at *8-9 (D. Or. Mar. 4, 2010) ("Decisions and actions integral

28  to decisions to grant,  deny, or revoke parole . . . and the execution of parole revocation procedures are

4

1  also covered by absolute quasi-judicial immunity, but conduct arising from the duty to supervise parolees

2  is covered by qualified immunity[.]"); Byers v. Anderson, Inc., 508 U.S. 429, 435-36 (1993) ("the

3  'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes

4  between parties, or of authoritatively adjudicating private rights"); Guttman v. Khalsa, 446 F.3d 1027,

5  1033 (10th Cir. 2006) ("The Supreme Court has long recognized that officials in administrative hearings

6  can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial

7  fashion.")

8      All of acts about which Plaintiff complains relate to these Defendants' adjudicatory roles and

9  within their quasi-judicial functions as hearing officers. Because entitlement to absolute immunity is

10  determined based on the nature of the function performed, not the identity of the actor who performed

11  it,'" Tennison v. City of San Francisco, 570 F.3d 1078, 1092 (9th Cir. 2009) (quoting Kalina v. Fletcher,

12  522 U.S. 118, 127 (1997)), defendants Eng and McBean are entitled to absolute immunity in this action.

13      Likewise, Defendant Stern, the Deputy District Attorney opposing Plaintiff's request for parole,

14  is entitled to absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976).

15  Determining whether a prosecutor's actions are immunized requires a functional analysis. The

16  classification of the challenged acts, not the motivation underlying them, determines whether absolute

17  immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986)(en banc). In advocating

18  against the grant of parole, Defendant Stern's actions are absolutely immune. Thus, even claims of

19  malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of

20  exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin,

21  608 F.Supp. 710, 728 (N.D. Cal. 1984).

22      Because Plaintiff bases all of his claims against Defendant Stern upon Stern's actions and

23  arguments made at the 2007 parole hearing, Defendant Stern is entitled to absolute prosecutorial

24  immunity.

25  **IV.    Conclusion**

26      The Court declines to provide Plaintiff leave to amend.  Plaintiff's claims have been foreclosed,

27  as a matter of law, by the Supreme Court's decision in Swarthout, are Heck-barred and raise claims

28  against Defendants who are entitled to absolute immunity.  Thus, any attempt to amend the pleadings

5

to include new facts would be futile in stating a cognizable due process claim.  See Lopez, 203 F.3d at 1127 ("[A] district court should grant leave to amend . . ., unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Accordingly, the Court will recommend that this action be dismissed. Because Plaintiff has not and cannot state a claim, the matter is recommended to be **DISMISSED**.

**V.     ORDER**

The Clerk of the Court is DIRECTED to assign a District Judge to this matter.

**VI.     Findings and recommendation**

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1.     This action be **DISMISSED** for failure to state a claim; and

2.     This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2011**                                    _____**/s/ Jennifer L. Thurston**_____
                                                                                  UNITED STATES MAGISTRATE JUDGE

6